UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR.  FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                                  (973) 645-4693
  BANKRUPTCY JUDGE                                                                   Fax: (973) 645-2606

**FILED**
JAMES J. WALDRON, CLERK

**MAR 27 2006**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Ronnie Plasner, DEPUTY

**NOT FOR PUBLICATION**

March 27, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Barry E. Levine, Esq.
Powder Mill Plaza
101 Gibraltar Drive, Suite 2-F
Morris Plains, New Jersey 07950
*Attorney for Christopher Connelly*

Herold and Haines, P.A.
Gary S. Jacobson, Esq.
Linda N. Engleby, Esq.
25 Independence Boulevard
Warren, New Jersey 07059-6747
*Attorneys for Gary S. Jacobson, Trustee*

Re:   **Christopher Connelly**
      **Case No. 05-10969 (DHS)**

Page 2
March 27, 2006

Dear Counsel:

Before the Court is a motion to exclude funds from the Estate of Decedent Ms. Patricia Connelly (hereinafter "Testator" or "Decedent") from being considered as part of the bankruptcy estate of the Debtor, Mr. Christopher Connelly (hereinafter "Debtor"). The motion is opposed by the Chapter 7 Trustee (hereinafter "Trustee").

## I. Statement of Facts

In the Fifth Article of a Last Will and Testament executed on September 17, 2004 (hereinafter "Will"), Patricia Connelly directed that her estate be inherited by her four siblings, in equal shares. (*Moving Brief of C. Connelly,* Exhibit A) (hereinafter "*Connelly Br.*"). Her brother, Christopher Connelly, filed a no-asset Chapter 7 bankruptcy petition on January 11, 2005 and the Trustee was appointed. Patricia Connelly died on January 18, 2005, seven days after the Debtor filed his bankruptcy petition. (*Connelly Br.*, p. 2).

The Trustee was informed of the Testator's death on March 4, 2005 and received a copy of the Will on March 9, 2005. (*Connelly Br.*, p. 3). On April 4, 2005 the Trustee indicated that a portion of the Testator's Estate would become property of the Debtor for purposes of his bankruptcy action. (*Connelly Br.*, p. 3). Christopher Connelly received a discharge in bankruptcy on April 6, 2005. (*Connelly Br.*, p. 3). The Trustee thereafter filed a Notice of Assets and Deadline to File Proof of Claim on June 14, 2005. (*Connelly Br.*, p. 4). The approximate net value of the Decedent's estate is $83,000, with the Debtor's portion estimated at $20,000. (*Connelly Br.*, p. 4).

Page 3
March 27, 2006

Relying upon the language of the Ninth Article of the Will, the Debtor seeks, in the instant motion, a determination that a spendthrift trust was created and that no funds from the Testator's Estate are to be considered part of his bankruptcy estate under section 541 of the Code. In its entirety, the Ninth Article of Testator's Will reads:

> No legatee, devisee or beneficiary shall have power to anticipate, transfer, sell, assign or encumber any payment or distribution of either principal or income to be made under the provisions of my Will, and any anticipation, transfer, sale, assignment or encumbrance of any interest of any legatee, devisee or beneficiary, whether on principal or income, whether by voluntary act or by operation of law, shall be void and no payment or distribution shall be made to any creditor, assignee, receiver or Trustee in bankruptcy of any such legatee, devisee or beneficiary, whether or principal or income, whether by voluntary act or by operation of law. If, notwithstanding the above, it shall be held that the interest, whether or principal or income, of any legatee, devisee or beneficiary under my Will has vested in any vendee, transferee, assignee, receiver or Trustee in bankruptcy of such legatee, devisee or beneficiary, whether by voluntary transfer or by operation of law, then, the extent of such transfer, sale, assignment or encumbrance, such interest shall cease, and the Executor may thereupon apply any payment or distribution, whether of income or principal, thus attempted to be sold, transferred, assigned, levied upon or take, to the use of the beneficiary who should have been entitled thereto in the absence of such transfer, assignment, levy or encumbrance, or to the use of such beneficiary's family, as my Executor, in his uncontrolled discretion, may deem best.

(*Connelly Br.*, Exhibit A)].

Conversely, the Trustee seeks a determination that the above provision of the Testator's Will does not create a spendthrift trust, and the Debtor's bankruptcy estate is thereby entitled to a one-fourth share of the Testator's Estate. (*See Trustee's Motion in Opposition to Debtor's Motion*, p. 8) (hereinafter "*Trustee's Br.*").

Page 4
March 27, 2006

## II. Discussion

Upon the filing of a bankruptcy petition, an estate is created comprised of "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2005). Included in this estate is "any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date by bequest, devise, or inheritance." 11 U.S.C. § 541(a)(5)(A) (2005).

This Court is bound by the substantive law of New Jersey with respect to the underlying estate and trust issues. As the United States Supreme Court stated in Butner v. United States, "[p]roperty interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Butner v. United States, 440 U.S. 48, 55 (1979).

### A. No Vested Interest Existed

In bankruptcy actions, "[i]t is well recognized that the bankruptcy estate succeeds only to such title and rights as the debtor held at commencement of the case." In re DeLauro, 207 B.R. 412, 415 (Bankr. D.N.J. 1997) (citing N.S. Garrott & Sons v. Union Planters Nat'l Bank, 772 F.2d 462, 467 (8th Cir. 1985)). Prior to Patricia Connelly's death, "the Debtor had no more than an expectation of inheriting property from his [sister]." Lassman v. McGuire (In re McGuire, 209 B.R. 580, 582 (Bankr. D. Mass. 1997). In his moving papers, the Debtor proffers that the clear intent of the Testator's Will was that no portion of her Estate was to be used to benefit a creditor of a beneficiary or any trustee in bankruptcy. (*Connelly Br*., p. 6). This is premised upon the precise language of the Ninth Article of the Will. Because

Page 5
March 27, 2006

the Debtor filed for bankruptcy before the Testator's death, a bankruptcy estate was created and the Trustee appointed at that time, the language of the Decedent's Will makes clear that under the terms of the Will the devise in question never vested in the Debtor, and thus there is no interest that could belong to the Trustee.

> The explicit language of the Ninth Article of the Will reads:
>
>> any anticipation, transfer, sale, assignment or encumbrance of any interest of any legatee, devisee or beneficiary, whether on principal or income, whether by voluntary act or by operation of law, *shall be void and no payment or distribution shall be made to any creditor,* assignee, receiver *or Trustee in bankruptcy* of any such legatee, devisee or beneficiary, whether or principal or income, whether by voluntary act or by operation of law.

The Trustee counters that the 180-day rule of 11 U.S.C. § 541(a)(5)(A) brings the acquisition of any post-petition assets within the reach of the bankruptcy estate. (*See Trustee's Br.*, p. 4-5). This argument has merit provided the Will does not intend otherwise. However, § 541(a)(5)(A) is inapplicable in the present case, as the Testator's Will manifests an intent contrary to the indefeasible vesting of her bequest in the Debtor, and thus the Trustee acquires no assets under the Will.

The assets the Trustee asks this Court to declare as property of the Debtor's bankruptcy estate belonged exclusively to Patricia Connelly at the time of the Chapter 7 filing. See In re McGuire, 209 B.R. at 582. Patricia Connelly was free to revoke or alter her will at any time prior to her death and "had no duty to underwrite the creditors of her [brother's] bankruptcy estate." Id. The interest in her property never transferred to the Debtor due to the language in the Will. The Decedent intended, in the first sentence of the Ninth Article of her Will, to create a trust. Failing a finding that a valid trust exists, Decedent provided

Page 6
March 27, 2006

a contingency in the second sentence of the Ninth Article in which, "the Debtor's [sister] chose to provide for the transfer of her property to someone other than the Debtor." Id. at 583. Here, Decedent vested the interest in question with her Executor as noted at the conclusion of the Ninth Article. (*See Connelly Br*., Exhibit A) (giving her Executor discretion to use the insolvent heirs' portion of Decedent's Estate to benefit the Debtor or the Debtor's family). Because the one-fourth property interest at stake exists at the discretion of the Executor, the Will provided that the Debtor could not gain a beneficial interest in the assets of Patricia Connelly, the value of which could not be attached by the Trustee. Thus, for the above reasons, the Court finds that the Debtor, at the time of the death of his sister, had no vested right to an interest in the Estate and thus § 541(a)(5)(A) is inapplicable.

### B.    Creation of a Spendthrift Trust

The Debtor also claims the language of the Ninth Article creates a "spendthrift" provision, either explicitly or impliedly. A spendthrift trust is a trust created to protect a beneficiary from his own financial improvidence; it prohibits the assignment of a beneficial interest to a third party and further protects that interest from the claims of creditors. See Black's Law Dictionary 1400 (6th ed. 1990). Looking to the law of trusts, if "a beneficial interest shall not be transferable by the beneficiary or subject to claims of the beneficiary's creditors, the restraint on voluntary and involuntary alienation of the interest is valid," and a spendthrift trust is created. See Restatement (Third) of Trusts § 58 (2003).

The Trustee argues that no trust was created under the Ninth Article of the Will and that the Debtor may not seek shelter under § 541(c), which exempts from the bankruptcy estate any interest held in a legitimate trust. Section 541(c)(1), (2) provides:

Page 7
March 27, 2006

> Except as provided . . . an interest of the debtor in property becomes property of the estate . . . notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law . . . A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

[11 U.S.C. § 541(c)(1), (2) (2005)]. Rather, the Trustee maintains the Testator could have crafted an express trust for her intended beneficiaries by simply employing the term "trust" in the Ninth Article of her Will but failed to do so. (*See Trustee's Br.*, p. 6). In support of his position, the Trustee points to other provisions of the Will, including the Seventh, Eighth, and Twelfth Articles, which unambiguously discuss the establishment and uses of trusts. However, in the Ninth Article, the word trust does not appear in reference to the Debtor's interest in the Will. The Debtor argues this is not conclusive.

The fact that the Testator was aware of the express language of trusts and chose not to utilize the term "trust" does not foreclose the possibility that a trust was in fact created. "[A] testamentary trust may be found by implication where the intention of the testator to set up a trust is manifest, or *Testator's obvious purpose cannot be executed except through such an instrumentality,* or the executors are given duties to be discharged beyond their ordinary functions as executors." Tourigian v. Tourigian, 29 N.J. Super. 94, 99 (Ch. Div. 1953) (quoting Scarborough v. Scarborough, 134 N.J. Eq. 201 (Ch. 1943)) (emphasis added). Here, the Decedent clearly created a restriction on the transfer of her estate to insolvent heirs, and also gave her Executor unfettered discretion in the handling of property which would have been inherited by any insolvent siblings. As a result, the Court finds that acknowledging a testamentary trust in this instance

Page 8
March 27, 2006

is appropriate based upon the language of the Will, and in order to give full effect to the intent of the Testator.

The first sentence of the Ninth Article of the Testator's Will unequivocally creates a restraint on voluntary and involuntary alienation of a beneficial interest. This is the essence of a spendthrift trust. See Restatement (Third) of Trusts § 58 (2003). "When [a spendthrift] provision exists in a will it is necessary for the court to determine the extent of the restraint imposed." In re Estate of Ransom, 180 N.J. Super. 108, 117 (Law Div. 1981) (citing L'Hommedieu v. L'Hommedieu, 98 N.J.Eq. 554 (Ch. 1925)). Because the restriction is valid under the law of trusts in New Jersey, it is equally applicable and enforceable under the Bankruptcy Code. See 11 U.S.C. § 541(c)(2) (2005).

### C.    Testator's Intent

The final resolution of the motion before the Court rests in the underlying New Jersey law of estates and trusts. Under the law, this Court must "give effect to the intent of the testator as ascertained from a consideration of the entire will." Tourigian, 29 N.J. Super. at 98 (citing In re Armour's Estate, 11 N.J. 257 (1953)).

While the Testator could have been more precise in her use of language in creating a spendthrift trust with respect to insolvent heirs, her intent is evident from a reading of the entire Will, and, as such, a testamentary spendthrift trust has been created. Indeed, a testator has an inviolable right to dispose of his or her property in any manner he or she sees fit, so long as it is lawful. See Tourigian, 29 N.J. Super. at 99; Girard Trust Co. V. Schmtz, 129 N.J. Eq. 444, 452-453 (Ch. 1941). Ultimately, "the power to dispose of property by will includes the right to attach to testamentary gifts such terms, conditions, limitations or

Page 9
March 27, 2006

restrictions as the testator pleases, provided they are not contrary to public policy or forbidden by law." Girard Trust Co., 129 N.J. Eq. at 454. So long as the Debtor does not have dominion and control over this trust, neither public policy nor state law is violated, and the trust is excluded from property of the Debtor's bankruptcy estate.

### III.    Conclusion

Based on the foregoing, the Testator's Will created a valid spendthrift trust and therefore the devise does not become property of the Debtor's bankruptcy estate.

An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

s/ **Donald H. Steckroth**

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure